ROBERTS, Chief Justice
(dissenting).
This appeal is from a final decree entered in a suit in the nature of a Creditors’ Bill filed by the plaintiff-appellants against the defendant-appellees by which the plaintiffs sought to enforce a judgment against capital stock in the Gramil Corporation held in the name of the defendant-appel-lee, Regina Docktor. The plaintiffs alleged that they hold a judgment against the defendant-appellee, Samuel Mills, the execution upon which was returned nulla bona; that Mr. Mills was the real owner of the stock and that the stock was taken and held in the name of Mrs. Docktor for the use and benefit of her father, Mr. Mills, for the purpose of defrauding the creditors of Mr. Mills. The lower court found that the plaintiffs had failed to prove by a preponderance of the evidence that Mr. Mills was the equitable owner of the capital stock and entered a decree for the defendants. This appeal followed.
We are not here concerned with a decree of a lower court based on conflicting evidence, as there is no conflict. The only question is whether the Chancellor misapprehended the legal effect of the evidence. In my opinion he did.
The only witnesses were the defendants, Mr. Mills and his daughter, Mrs. Dock- *493 tor. Their testimony revealed that the Gramil Corporation was formed in 1943 in New York to hold the title to certain hotel property there. The property was allegedly purchased with money supplied by Mrs. Docktor and title was taken in her name. Subsequently, the corporation was formed and the entire amount of capital stock, 40 shares, was issued to her in exchange for the property. It was shown, however, that all the negotiations going to the purchase of the New York hotel were handled by Mr. Mills. Mrs. Docktor simply took the money required for the down payment ($3,500) down to the bank, in cash, and turned it over. She knew nothing about the transaction, apparently, and could not even remember the name of the bank from whom the property was purchased. She testified that she got the money from her husband.
Mr. Mills handled everything in connection with the management of the hotel in New York; he also arranged for its renovation and refinancing. When, in 1952, the New York property was exchanged for a hotel in Miami, these negotiations were carried on by Mr. Mills, and he is the manager of the Florida hotel. Mrs. Docktor has never taken one cent out of the corporation during the eleven years of its existence. Mr. Mills, on the other hand, who holds the title of president of the corporation, draws a “salary”, the amount of which is dependent on what he is able to take from the business in any given year. He takes out travel expenses and entertainment expenses; he takes loans and advances from corporate funds without giving any security — he merely writes himself a check. He lives rent-free in the Florida hotel owned by the corporation and has in the past operated an automobile on the corporate account of the corporation.
While the relationship of Mr. Mills and Mrs. Docktor, as father and daughter, does not of itself render the transaction fraudulent as to creditors, the fact of their relationship may properly be considered with other evidence tending to impeach the •.transaction. Fisher v. Grady, 131 Fla. 1, 178 So. 852. And, in my opinion, it does not accord with logic and reason or human experience to hold that Mrs. Docktor is the beneficial as well as the legal owner of the stock in the corporation.
I would, therefore, reverse the decree of the lower court.